# UNITED STATES DISTRICT COURT

Billings Division    District of    Montana

FILED
JAN 27 2012
PATRICK E. DUFFY, CLERK
BY _____ Deputy Clerk

UNITED STATES OF AMERICA
V.
SUSAN ROSE RAE

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: CR-10-149-BLG-JDS-01
USM Number: 11182-046

Leo Sanford Selvey
Defendant's Attorney

**Date of Original Judgment:** 9/12/2011
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- X Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- X pleaded guilty to count(s) 1 and 2
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1344 | Bank fraud | 01/15/2009 | 1 |
| 18:1028A(a)(1) | Aggravated identity theft | 01/15/2009 | 2 |

The defendant is sentenced as provided in pages 2 _____ 6 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 27, 2012
Date of Imposition of Judgment

/s/ Jack D. Shanstrom
Signature of Judge

Jack D. Shanstrom, Senior U.S. District Judge
Name and Title of Judge

January 27, 2012
Date

DEFENDANT: Susan Rose Rae
CASE NUMBER: CR-10-149-BLG-JDS-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term
37 months. This is 33 months on Count 1, and 24 months on Count 2, consecutive, for a total of 57 months.

X   The court makes the following recommendations to the Bureau of Prisons:
That defendant be designated to either FCI Dublin or FCI Phoenix as they are closest to her family.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐   at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before 2 p.m. on _____ .

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Case 1:10-cr-00149-JDS Document 44 Filed 01/27/12 Page 3 of 7

Judgment—Page __3__ of __6__

DEFENDANT: Susan Rose Rae
CASE NUMBER: CR-10-149-BLG-JDS-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
5 years. This is 5 years on Count 1, and 1 year on Count 2, concurrent, for a total of 5 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

Case 1:10-cr-00149-JDS   Document 44   Filed 01/27/12   Page 4 of 7

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 3C — Supervised Release                                          (NOTE: Identify Changes with Asterisks (*))

Judgment—Page __4__ of __6__

DEFENDANT:        Susan Rose Rae
CASE NUMBER:      CR-10-149-BLG-JDS-01

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, the defendant shall not commit any Federal, state, or local crime, and shall not possess a controlled substance. The defendant shall be prohibited from owning, using, or being in constructive possession of firearms, ammunition, or other destructive devices while on supervision and any time after the completion of the period of supervision unless granted relief by the Secretary of the Treasury. The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

Further, the defendant shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission, and which have been approved by this Court. The defendant shall also comply with the following special condition(s):

1.  The defendant shall participate in substance abuse testing, to include not more than 52 urinalysis tests and not more than 52 breathalyzer tests annually during the period of supervision. The defendant is to pay all or part of the costs of testing as determined by the United States Probation Officer.

2.  The defendant shall participate in a program for mental health treatment as deemed necessary by the United States Probation Officer, until such time as the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as determined by the United States Probation Officer.

3.  The defendant shall submit her person, residence, place of employment, or vehicle, to a search, conducted by a United States Probation Officer, based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to the condition.

4.  The defendant will provide the United States Probation Officer with any requested financial information and shall incur no new lines of credit without prior written approval of the United States Probation Officer.

5.  The defendant shall not enter into any financial agreements or arrangements without the prior approval of the United States Probation Office. The defendant shall not convert financial accounts/assets without the prior approval of the U.S. Probation Office. The defendant shall disclose all assets held in her name solely or jointly or converted to another's name to the U.S. Probation Office.

6.  All employment must be approved in advance by the U.S. Probation Office. The defendant shall consent to third-party disclosure to any employer or potential employer. She shall not be employed in or volunteer in a position with fiduciary responsibilities without prior approval from U.S. Probation.

7.  The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale. This condition supersedes standard condition number 7 with respect to alcohol consumption only.

8.  The defendant shall allow the probation officer, at any reasonable time, to make periodic unannounced examinations of her computer, hardware, and software, which may include the retrieval and copying of all data from her computer.

9.  The defendant shall provide a complete record of all passwords, Internet service providers, and user identifications (both past and present) to the probation officer and shall not make any changes without the prior approval of the probation officer.

10. The defendant shall not possess or use any computer or other device with access to any on-line computer service without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network. The defendant shall not have access to a modem during her term of supervision without the prior approval of the probation officer.

11. The defendant shall not purchase, possess, use, distribute or administer marijuana, or obtain or possess a medical marijuana card or prescription. This condition supersedes standard condition number 7 with respect to marijuana only.

12. *Pursuant to a Stipulation Regarding Restitution filed January 26, 2012, defendant shall pay restitution in the amount of $290,214.61, which is due and payable in full immediately. Until restitution is fully paid, the defendant is restrained from transferring any assets with a value of $2,500.00 or more, unless it is necessary to liquidate and apply the proceeds of such property to her order of restitution. Restitution is to be made payable to the U.S. District Court and sent to Clerk, U.S. District Court, 316 North 26th Street, Suite 5405, Billings, Montana 59101 and disbursed to the victims in this case, as listed on the following page, No. 4A.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __4A__ of __6__

DEFENDANT: Susan Rose Rae
CASE NUMBER: CR-10-149-BLG-JDS-01

## SPECIAL CONDITIONS OF SUPERVISION

Restitution victims and amounts:

| | |
|---|---|
| Jeremy Hofer<br>P.O. Box 90126<br>Sioux Falls, SD 57109 | $ 11,935.59 |
| Mary Hofer<br>P.O. Box 90126<br>Sioux Falls, SD 57109 | $ 19,403.65 |
| Reba Waldner<br>(see U.S. Probation for address)<br>Sioux Falls, SD 57104 | $ 300.00 |
| Sallie Mae Fraud Investigations<br>Re: 9965948750<br>P.O. Box 3779<br>Wilkes-Barre, PA 18773 | $ 67,880.99 |
| First Marbelhead Education Resources<br>FMER - Fraud Department<br>Case # 15352<br>One Cabot Road<br>Medford, MA 02155 | $ 80,814.42 |
| Graduate Leverage LLC<br>Case #2010R00198<br>400 Fifth Avenue, Suite 600<br>Waltham, MA 02451 | $ 30,994.73 |
| PNC Bank<br>Attention: Kelly Cooke - K1KHDQ-03-01<br>500 W. Jefferson Street<br>Louisville, KY 40202 | $ 66,700.81 |
| Sun Trust Education Loans<br>Account: 3156017632<br>Mail Code: RVW 7076<br>1001 Semmes Avenue<br>Richmond, VA 23224 | $ 12,184.62 |

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   5   of   6

DEFENDANT:       Susan Rose Rae
CASE NUMBER:     CR-10-149-BLG-JDS-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| TOTALS  | $ 200.00       | $        | $ *290,214.61   |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X *The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee**              | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|--------------------------------|-----------------|-------------------------|-----------------------------|
| Jeremy Hofer                   |                 | 11,935.59               |                             |
| Mary Hofer                     |                 | 19,403.65               |                             |
| Reba Waldner                   |                 | 300.00                  |                             |
| Sallie Mae Fraud Investigation |                 | 67,880.99               |                             |
| First Marbelhead Education Resources |           | 80,814.42               |                             |
| Graduate Leverage LLC          |                 | 30,994.73               |                             |
| PNC Bank                       |                 | 66,700.61               |                             |
| Sun Trust Education Loans      |                 | 12,184.62               |                             |
| **TOTALS**                     | $               | $ 290,214.61            |                             |

☐ Restitution amount ordered pursuant to plea agreement $ _____

X  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case  
Sheet 6 — Schedule of Payments  

Case 1:10-cr-00149-JDS   Document 44   Filed 01/27/12   Page 7 of 7   (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __6__ of __6__

DEFENDANT:        Susan Rose Rae
CASE NUMBER:   CR-10-149-BLG-JDS-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  X  Lump sum payment of $ __200.00__ due immediately, balance due

      ☐ not later than _____ , or
      X in accordance with ☐ C,   ☐ D,   ☐ E, or   X F below; or

**B**  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

*Criminal monetary penalty payments are due during imprisonment at the rate of not less than $25.00 per quarter, and payment shall be through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk, United States District Court, Federal Building, Room 5405, 316 North 26th St., Billings, MT 59101. Restitution is due and payable immediately. See page 4 of this Amended Judgment for specific instructions.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.